
UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR 04-40008-01 |
| Plaintiff, | * | |
| - vs - | * | MEMORANDUM OPINION |
| | * | AND ORDER |
| | * | REGARDING GARNISHMENT |
| WILLIAM MCBETH, | * | |
| Defendant, | * | |
| and | * | |
| CAPITAL ONE SERVICES II LLC, RICHMOND, VA, and its successors or assigns, | * | |
| Garnishee. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Defendant William McBeth requested a hearing after a Writ of Continuing Garnishment was issued. A hearing was held on Monday, July 2, 2012. Defendant appeared in person along with his wife and co-defendant, LaRhonda McBeth. Assistant United States Attorney, Jan Holmgren, appeared on behalf of the United States. The statements of the parties and the exhibits received from the parties at the hearing and after the hearing clarified the McBeths' financial condition and the issues that needed to be addressed.

William McBeth and his wife, LaRhonda, were co-defendants convicted of conspiracy to commit bank fraud in violation of 18 U.S.C. § 371. They were ordered to pay $36,736.45 in restitution, jointly and severally, to the same victim, and they were each ordered to make restitution payments of $100 a month.[1] Both of them became delinquent on their payments, defaulted, and were assessed penalties by the Attorney General pursuant to 18 U.S.C. § 3612(g). William McBeth's total penalty balance is $8,827.85 and LaRhonda's is $8,917.85. The McBeths have not always complied

---

[1]Defendants were not ordered to pay interest on their restitution debt, so no interest is accruing on the debt, but the penalty amounts to more than the interest would be.

with the government's efforts to collect the restitution, but they have paid $32,623.58, with a remaining debt of $4,112.87. They do not object to paying the restitution ordered by the Court, but William McBeth requests that his wages not be garnished because they cannot afford it, and he asks for a waiver of the penalties that have been imposed by the Attorney General. The McBeths believe that at least a portion of the penalties should not have been imposed because William was paying $200 a month for some time, $100 of which was being paid on LaRhonda's behalf but which did not get attributed to her by the government.[2] The government asserts, however, that those $200 per month payments did not begin until after LaRhonda's full penalties already had been imposed. In any event, the Court does not have authority to waive the penalties imposed by the Attorney General pursuant to 18 U.S.C. § 3612. *See United States v. Lauersen*, 648 F.3d 115 (2d Cir. 2011) (section 3612(h) authorizes only the Attorney General, not the Court, to waive all or part of delinquency and default penalties assessed pursuant to section 3612(g)). In 2008, the government advised the Court that it is the policy of the Attorney General not to consider a waiver of penalties until the principal of the court-ordered debt is paid in full. (Doc. 64 at p. 5.) And waiver is only considered under the legal parameters prescribed by Congress, i.e., that "reasonable efforts to collect the interest or penalty are not likely to be effective." 18 U.S.C. § 3612(h). (*Id.*)

Although the Court cannot waive all or part of the penalties imposed by the Attorney General, the Court does have statutory authority to oversee the manner and method of collection of restitution. *See* 28 U.S.C. § 3013 ("The court may at any time on its own initiative or the motion of any interested person, and after such notice as it may require, make an order denying, limiting, conditioning, regulating, extending, or modifying the use of any enforcement procedure under this chapter."). Furthermore, the Court may and should curtail the enforcement tools selected by the Government if presented with surrounding facts and circumstances that warrant taking such action. *See United States. v. Woods*, 2010 WL 4386900 (S.D.Ala., Oct. 29, 2010). A court, when exercising its oversight responsibilities may consider a defendant's inability to pay. *See United States v. Ogburn*, 499 F.Supp.2d 28 (D.D.C. 2007); *United States v. Crowther*, 473 F.Supp.2d 729, 731

---

[2]In December of 2007 LaRhonda McBeth's probation officer advised the Court that in August of 2007 the McBeths agreed to a payroll deduction $200 a month from William's wages, with the intention of $100 being credited to each of them. The probation officer was aware that Financial Litigation Unit for the government was unable to attribute $100 to LaRhonda's account, but it was the probation officer's opinion that both McBeths were meeting their restitution obligations with William's $200 per month payment even though the government's records were not reflecting the $100 monthly payments on LaRhonda's account. The Attorney General should consider this when deciding whether to waive the McBeths' penalties.

(N.D.Tex. 2007); *United States v. Kaye*, 93 F.Supp.2d 196, 199 (D.Conn. 2000). For the following reasons, the Court will limit the amount of money to be garnished from William McBeth's wages.

Other than the problems paying restitution in a consistent manner, the McBeths both successfully completed their terms of supervised release and they are providing a stable home for two children and now also for LaRhonda McBeth's 75-year-old disabled father, as well as helping care for LaRhonda's disabled mother who is wheel-chair bound and living but does not live with them. In addition, there has been a child support obligation for William McBeth which apparently arose after his June 2005 sentencing. The information provided by the McBeths shows that the case was opened December 1, 2005, with a past due amount of $30,165.00 and, inexplicably, a balance of $20,838.00. Attorney Holmgren indicated at the hearing that she was unaware of that obligation. She acknowledges that the child support order has priority over the federal government's wage garnishment for restitution. The Court does not know how much less would have been paid toward restitution if the government had been aware of the child support order. Again, based on the government's representations in its Supplement to Hearing Record, the restitution paid to date amounts to $32,623.58 and only $4,112.87 remains. It appears that around $600.00 or more is being garnished by the federal government from LaRhonda McBeth's wages every month, and $661.46 from William McBeth's wages. The Court questions the amount of garnishment on William McBeth's wages due to the child support obligation. Consideration of the McBeths' income, expenses and circumstances at this time justify limiting the amount of wages to be garnished from William McBeth. Accordingly,

> IT IS ORDERED that the Writ of Continuing Garnishment in this case shall be limited to $200.00 per month, that being twice the amount the Court originally ordered per month as restitution at the time of sentencing and before the child support order was known. The Court recommends that the Attorney General consider waiving all of the penalties as to LaRhonda McBeth and all but $1,000.00 of the penalties as to William McBeth each once the restitution has been paid in full.

Dated this 9th day of July, 2012.

BY THE COURT:

*Lawrence Piersol signature*
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: *signature*
(SEAL)    DEPUTY